**Lindolfo THIBES, Petitioner–Appellant,**

v.

**Robert LeGRAND, Warden, and Nevada Attorney General, Respondents–Appellees.**

No. 13–16646.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2014.*

Filed July 28, 2014.

Lindolfo Thibes, Lovelock, NV, pro se.

Heather D. Procter, Deputy Attorney General, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

___

ed by 9th Cir. R. 36–3.

___

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner Lindolfo Thibes appeals pro se from the district court's judgment dismissing his amended 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's dismissal of a petition for writ of habeas corpus as time-barred, *see Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir.2005), and we affirm.

The district court properly concluded that Thibes's petition is untimely. Thibes is not entitled to statutory tolling because the Nevada Supreme Court dismissed his appeal of the denial of his state habeas petition as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Moreover, contrary to Thibes's contention in the district court, the fact that he may not have been served with a copy of the state court's denial until 2012 does not entitle him to equitable tolling because the record reflects that he had notice of the denial well over a year before he filed his federal petition. *See id.* at 418–19 (petitioner not entitled to equitable tolling when he has not pursued his rights diligently).

We construe Thibes's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiiva-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.